IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLIVE N. MELHADO,

    Petitioner,

v.

WARDEN, MARION CORRECTION
INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-00725
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preliminarily, Petitioner has filed an Affidavit of Indigence and requests to proceed *in forma pauperis*. Upon consideration, the Court finds that Petitioner's motion is meritorious, and it is therefore **GRANTED**.

**IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner challenges his March 2002 convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated murder and aggravated robbery. The Ohio Tenth District Court of Appeals has summarized the procedural history of the case:

> In 2001, appellant was indicted for two counts of aggravated murder in violation of R.C. 2903.01 and one count of aggravated robbery in violation of R.C. 2911.01. A jury found appellant guilty on the first count of the lesser-included offense of murder in violation of R.C. 2903.02, and guilty on the second count of aggravated murder and of aggravated robbery. At sentencing, the trial court merged the murder and aggravated murder convictions and sentenced appellant to a term of life imprisonment without possibility of parole for the aggravated murder conviction. The trial court imposed a concurrent eight-year sentence on the aggravated robbery conviction. [1] Appellant appealed to this court and argued that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, that he received ineffective assistance of counsel, and that the sentencing scheme in R.C. 2929.03 is unconstitutional. This court rejected appellant's arguments and affirmed his convictions and sentence. *State v. Melhado*, 10th Dist. No. 02AP–458, 2003–Ohio–4763.
>
> In a 2010 motion to vacate a void judgment, appellant argued that the trial court failed to properly impose post-release control ("PRC") for his aggravated robbery conviction. The trial court rejected that argument and denied the motion.
>
> This court dismissed appellant's attempt to appeal that judgment because he did not timely file his appellate brief. In 2012, appellant filed another motion to vacate in which he again argued that the trial court failed to properly impose PRC. The trial court again rejected the argument, noting that it had already addressed and rejected the exact issue. On appeal, this court affirmed. *State v. Melhado*, 10th Dist. No. 13AP–114, 2013–Ohio–3547, ¶ 12–18. We rejected his PRC argument because he had already served his sentence for the aggravated robbery conviction and, therefore, any error in failing to properly impose PRC on that conviction was not correctable. *Id*. at ¶ 17.
>
> In 2015, appellant filed [a] "Motion for Discharge from Custody" in which he once again argued that the trial court failed to properly impose PRC. Appellant also argued, for the first time, that he was not afforded a preliminary hearing in a timely manner pursuant to

> R.C. 2945.71(C)(1). The trial court denied the motion. In doing
> so, the trial court specifically noted that it had already rejected his
> PRC argument. It also concluded that appellant was not entitled to
> a preliminary hearing once he had been indicted.

*State v. Melhado*, 2016 WL 3219850, at *1 (Ohio 10th App. Dist. June 9, 2016). On June 9, 2016, the appellate court affirmed the judgment of the trial court. *Id.* On October 5, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Melhado*, 146 Ohio St.3d 1516 (Ohio 2016).

On August 17, 2017, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts as follows:

> 1. Due Process Rights Violations, Under U.S. Constitution Amendment (14) Fourteen. Trial Court was Divest [sic] of its Jurisdiction. Void Judgment, Void Sentence, False Imprisonment.
>
> 2. P.R.C. violation, Due Process Constitutional Rights Violation Amendment (14).

However, this is not Petitioner's first federal habeas corpus petition. Petitioner has, on three prior occasions, presented challenges to these same convictions in this Court. *Melhado v. Warden, Warren Corr. Inst.,* 2:04-cv-1146, Petition (ECF No. 1); *Motion to File Second or Successive Habeas Petition* (ECF No. 22); *Melhado v. Warden, Marion Corr. Inst.,* 2:14-cv-402.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). "[W]hen a

prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision 'on the merits.' In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:16-cv-998, 2016 WL 6790800, at *2 (S.D. Ohio Oct. 27, 2016) (citing *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States*, 150 F.3d 202, 205-06 (2nd Cir. 1998)).

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov

s/ Elizabeth A. Preston Deavers  
Elizabeth A. Preston Deavers  
United States Magistrate Judge