UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLIVE N. MELHADO,**

    **Petitioner,**

v.

**WARDEN, MARION CORRECTIONAL INSTITUTION,**

    **Respondent.**

CASE NO. 2:17-cv-00725
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On August 18, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R"), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this case be transferred to the United States Court of Appeals for the Sixth Circuit as successive. R&R, ECF No. 3. Petitioner objects to the R&R. Obj., ECF No. 7. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objection is **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**, and this action is **TRANSFERRED** to the Sixth Circuit as a successive petition.

Petitioner objects to the Magistrate Judge's recommendation that this case be transferred to the Sixth Circuit as a successive petition on the basis that, on June 21, 2001, the Franklin County Municipal Court conducted a hearing outside

of his presence and dismissed pending charges against him, based on a motion by the prosecutor, in an entry that was never made a part of the docket. He asserts the Indictment in that case was filed after the case was dismissed. According to Petitioner, the Indictment against him therefore was void, and the trial court lacked jurisdiction over the case. Petitioner argues that this Court should not transfer his habeas case to the Sixth Circuit because he just discovered that the municipal court case was dismissed in an entry that was not made part of the record, and he could not earlier obtain this newly-discovered evidence. He has attached a document entitled "Motion to Dismiss Pending Felony" in Case Number 2001 CR 014428, in support. ECF No. 7-1, PAGEID # 50.

Nonetheless, the record reflects that this action constitutes a successive petition that must be transferred to the Sixth Circuit for authorization for filing.

> It's true that not all second-in-time petitions are "second or successive." *Panetti v. Quarterman*, 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. *See Stewart v. Martinez–Villareal*, 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim"). The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits.

*In re Coley*, -- F.3d --, 2017 WL 3976704, at *1 (6th Cir. Sept. 11, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). As discussed by the Magistrate Judge, this is Petitioner's fourth federal habeas corpus petition challenging these same convictions, and Petitioner does not allege—nor does the record indicate—reasons that this petition should not be considered successive. Therefore, Petitioner must obtain authorization from the Sixth Circuit in order to obtain review in this Court. See *In re Owens*, 525 F. App'x 287, 291 (6th Cir. 2013) (citing 28 U.S.C. § 2244(b)(3)(A)).

Petitioner's Objection, ECF No. 7, is **OVERRULED**. The R&R, ECF No. 3, is **ADOPTED** and **AFFIRMED**. This action is hereby **TRANSFERRED** to the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**